E-FILED
Friday, 02 October, 2026 11:41:07 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| TY J. BUSHUR,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON LOGISTICS, INC. and<br>THE GOOD NEWS SERVICES CORP,<br><br>Defendants. | ) | Case No. 2:26-cv-02133-CSB-EIL |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**THE GOOD NEWS SERVICES CORP'S MOTION FOR PARTIAL DISMISSAL**
**(COUNTS VI, VII, AND XI)**

Plaintiff Ty J. Bushur, proceeding *pro se*, asserts eleven counts against Defendant The Good News Services Corp ("GNSC") arising from his employment as a Delivery Associate for this last-mile delivery company that services Amazon. GNSC moves to dismiss Counts VI, VII, and XI under Federal Rule of Civil Procedure 12(b)(6). These deficiencies appear on the face of the pleading and are not cured by liberal construction of Plaintiff's *pro se* allegations.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the complaint's legal sufficiency. The complaint must plead enough facts to state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility exists when factual content permits a reasonable inference that the defendant is liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts and reasonable inferences, but not legal conclusions or threadbare recitals of elements. *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Courts construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but a *pro se* complaint must still satisfy *Twombly* and *Iqbal*. *Brown v. JP Morgan Chase Bank*,

334 Fed. Appx. 758, 759 (7th Cir. 2009). Plaintiff is not excused from procedural rules or substantive requirements. *Pearle Vision*, *Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("noting that the Supreme Court has 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel'")).

To determine whether a plaintiff has satisfied the pleading standard set forth in Rule 8(a)(2) and clarified in *Twombly* and *Iqbal*, a court must engage in a two-pronged analysis. First, a court must identify and disregard allegations that are nothing more than legal conclusions and as such, are "not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. A court need not consider such unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *See Twombly*, 550 U.S. at 556 (explaining that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court has emphasized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

After disregarding unsupported legal conclusions, a court must then identify the non-conclusory, well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. If the factual allegations, assumed to be true, are consistent with a claim for relief, that claim must nevertheless be dismissed if the facts are equally consistent with a finding of no liability. *See id*.

## ARGUMENT

### I. Count VI (FLSA Wage Retaliation) Should Be Dismissed for Failure to Allege Protected Activity.

FLSA § 215(a)(3) prohibits discharging or otherwise discriminating against an employee because the employee filed a complaint related to the FLSA. 29 U.S.C. § 215(a)(3). The provision protects complaints concerning rights the FLSA governs, including minimum wage and overtime. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 4 (2011).

Plaintiff's alleged July 24, 2024, complaint to Oliver concerned the All Day Pay bonus methodology—whether early-finish bonuses should be measured from last-stop time rather than base-station arrival time. First Am. Compl. ¶¶ 13, 45. The First Amended Complaint does not allege that the methodology caused minimum-wage or overtime violations. Instead, Count VI seeks relief only "to the extent of discovery establishing regular-rate, minimum-wage, or overtime consequences." First Am. Compl. ¶ 45. The pleading thus alleges no present FLSA right and expressly defers its factual foundation to discovery.

That speculative approach fails Rule 8. Plaintiff must plead facts now, not hope discovery supplies them. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Even if informal oral complaints may qualify as protected activity, the complaint must assert a right protected by the FLSA. *Kasten*, 563 U.S. at 7. A generalized bonus-methodology grievance does not meet that threshold. Thus, Count VI should be dismissed.

### II. Count VII (Recommendation Letter Retaliation Under Title VII) Should Be Dismissed.

#### A. Count VII Was Not Administratively Exhausted.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500

(7th Cir. 1994) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974)). Because Title VII requires exhaustion, a lawsuit is limited to claims "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976 (en banc) (internal quotation marks omitted)). Plaintiff's Charge of Discrimination (which is referenced in ¶ 7 of the First Am. Compl. and attached as Ex. A to this memorandum) makes no reference to the University of Illinois, the MSL program or any graduate-school application, a recommendation letter, Oliver's October 14, 2024, submission, or any educational opportunity or interference with education.

An EEOC investigation of those workplace claims would not reasonably be expected to investigate alleged sabotage of a law-school application through a recommendation letter. That theory is not "like or reasonably related to" anything in the Charge and was never presented to the EEOC for investigation or conciliation. Therefore, Count VII was not administratively exhausted and should be dismissed.

**B. The Claim is Based Soley on Speculation.**

Count VII rests on an "information and belief" allegation that Oliver's October 14, 2024, recommendation contained "negative or misleading information materially affecting his education opportunities[.]" First Am. Compl. ¶ 50. Plaintiff admits he does not know its contents. First Am. Compl. ¶ 50. Although information and belief pleading may be used for facts peculiarly within an opponent's knowledge, *Twombly* requires enough circumstantial detail to make the inference plausible. 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.")

The First Amended Complaint supplies none. It does not allege what the recommendation said, any statement by Oliver suggesting anything false was stated, or facts showing the recommendation caused the rejection. Plaintiff solicited the recommendation and Oliver

provided it. First Am. Compl. ¶ 32. Plaintiff alleges "the University rejected Plaintiff's application…citing 'academic records, recommendations, and work experience.'" *Id.* Plaintiff's Count VII is, therefore, not based on anything but speculation. Count VII must be dismissed.

## III. <u>Count XI (Tortious Interference with Prospective Economic Advantage) Should Be Dismissed</u>.

### A. No Legally Cognizable Expectancy.

Under Illinois law, tortious interference with prospective economic advantage requires, among other elements, "a reasonable expectancy of entering into a valid business relationship." *Voyles v. Sandia Mortgage Corp.*, 751 N.E.2d 1126, 1133 (Ill. 2001).

An applicant to the competitive University of Illinois College of Law MSL program has no legally protected expectancy of admission, which depends on discretionary consideration of multiple factors. The First Amended Complaint alleges no guarantee, promise, or near-certainty—only a subjective "reasonable expectancy of admission." First Am. Compl. ¶ 60. Illinois requires more than a hope or aspiration. *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299-1300 (Ill. 1996) (holding that plaintiff's allegation that she was "leading candidate" for new job was insufficient to support claim of intentional interference with prospective economic advantage). A pending application to graduate school does not satisfy the expectancy element of this claim.

### B. The Interference Allegation is Based On Speculation.

Count XI repeats the information and belief allegation that Oliver's October 14, 2024, recommendation contained "materially false or negative information intended to interfere" with admission. First Am. Compl. ¶ 60. Plaintiff admits he does not know the recommendation's contents and, therefore, this tortious interference claim is based solely on speculation. *Id.*

The intentional interference theory therefore rests entirely on speculation about an unseen document. *Twombly* instructs courts to disregard conclusory allegations. 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.");. Plaintiff cannot state an actionable tort without factual content supporting the alleged interference.

**C. Causation Fails.**

According to Plaintiff, the University cited "academic records, recommendations, and work experience" in rejecting Plaintiff's application. First Am. Compl. ¶ 32. The First Amended Complaint does not allege that the recommendation was the sole, primary, *or significant reason for rejection.* Without facts isolating it as the proximate cause, the causation element fails.

Illinois requires the defendant's conduct to be a proximate cause of the injury. *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991). Because Plaintiff alleges the University identified three independent reasons for rejection, Plaintiff has not plausibly alleged that GNSC's conduct caused the claimed harm.

**<u>CONCLUSION</u>**

Based on the foregoing, GNSC's motion for partial dismissal should be granted and Counts VI, VII, and XI must be dismissed in their entirety.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PC.

/s/ Heidi K. Durr
Heidi K. Durr, #6272573
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314.802.3935
heidi.durr@ogletree.com

Attorneys for Defendant
The Good News Services Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, the foregoing was filed electronically with the Clerk of the Court and service was made through the Notice of Electronic Filing to *pro se* Plaintiff Ty Bushur and all counsel of record.

/s/ Heidi K. Durr